IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 14-33300 |
| HORACE GLASS, JR. | ) | |
| a/k/a FRANKIE GLASS | ) | |
| SSN: xxx-xx-2922 | ) | |
| | ) | |
| CASSANDRA GLASS | ) | |
| a/k/a CASSIE GLASS | ) | |
| SSN: xxx-xx-0953 | ) | |
| | ) | CHAPTER 13 |
| Debtors. | ) | |

## OBJECTION TO CONFIRMATION

**COMES NOW**, Republic Finance, LLC, secured creditor in the above entitled bankruptcy proceeding, by and through its attorney of record, William M. Hancock, and in support of its objection to confirmation would show unto this Honorable Court as follows:

1. On or about the 18th day of August, 2013, Republic Finance, LLC (hereinafter referred to as "Republic"), loaned to Horace F. Glass, Jr. and Cassandra A. Glass (hereinafter referred to as "Debtors"), the principal sum of $3,551.47 and, as evidence of the obligation to repay such amount to Republic, the Debtors executed and delivered to Republic, a Note and Security Agreement of even date (hereinafter referred to as "Note 0941"). Note 0941 is secured by one 1996 Chrysler LHS, VIN: 2C3HC56E4TH198766 (hereinafter referred to as "Vehicle"), one 5 x 8 metal utility trailer (hereinafter referred to as "Trailer"), one Craftsman riding lawnmower (hereinafter referred to as "Lawn Tractor"), one 12 x 24 portable out building (hereinafter referred to as "Building"), one Poulan weed eater and one 24" Craftsman chain saw (hereinafter jointly referred to as "Tools"), one 12-gauge Stevens gun (hereinafter referred to as "Gun"), one stationary exercise bicycle (hereinafter referred to as "Bicycle"), one Dell laptop computer, one 42" RCA television, one Emerson six-disc stereo system, one Sony digital camera,

and one Wii gaming system (hereinafter collectively referred to as "Electronics"). The Vehicle, Trailer, Lawn Tractor, Building, Tools, Gun, Bicycle, and Electronics are hereinafter collectively referred to as "Collateral." A true and correct copy of the Note and Security Agreement, Certificate of Title and UCC-1 is attached hereto and labeled as Exhibit "A."

2. On or about the 15th day of August, 2013, the Debtors executed a Security Evaluation in the making of Note 0941 (hereinafter referred to as "Evaluation Form"). On the Evaluation Form, the Debtors valued each piece of Collateral, except the Vehicle. The Debtors assigned the Trailer a value of $1,000.00, the Lawn Tractor at a value of $1,000.00, and the Building at a value of $3,000.00. The total value assigned to the Collateral by the Debtors on the Evaluation Form is $9,975.00. A true and correct copy of the Evaluation Form is attached hereto and labeled Exhibit "B."

3. On the 8th day of December, 2014, the Debtors filed a Chapter 13 bankruptcy petition in the Middle District of Alabama, which gives rise to the instant action.

4. On or about the 8th day of December, 2014, the Debtors filed their Chapter 13 Plan which proposes under Paragraph 6, "SURRENDERED PROPERTY" to surrender the Vehicle to Republic.

5. The Debtors have not surrendered the Vehicle to Republic.

6. Republic's pro se proof of claim on Note 0941, filed on December 11, 2014 and identified as Claim Number 1, asserts a claim in the amount of $2,241.79 secured by the Collateral.

7. Pursuant to the precedent of the 11th Circuit Court of Appeals as set out in In re Taylor (Taylor v. AGE Federal Credit Union), the Debtors are not permitted to maintain the

collateral without *performing* their stated intention of surrendering the collateral. 3 F.3d 1512 (11th Cir.1993) [emphasis added].

8. Bankruptcy Courts within the 11th Circuit have also declined to allow debtors to eschew their duties under the Statement of Intention. In re Smith (Hospital Credit Union v. Smith) stands for the proposition that "surrender" means something more than "abandonment." 207 B.R. 26 (Bkrtcy.N.D.Ga.1997).

9. The term "surrender," as it is used in Chapter 13, requires a mutual agreement between the parties. In re Service, 155 B.R. 512, 514 (Bankr. E. D. Mo. 1993) citing In re Robertson, 72 B.R. 24 (Bankr. D. Colo. 1985). In this instance the Debtor has not surrendered the Vehicle.

10. The Plan fails to comply with applicable bankruptcy law as required under 11 U.S.C. §1325(a)(1).

11. The Plan is not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3).

12. The Plan fails to pay to Republic the value of the property to be distributed under the Plan pursuant to 11 U.S.C. §1325(a)(5).

13. Until such time that the Debtors can produce and surrender the Vehicle which secures Republic's Note 0941, its Claim Number 1 remains accurate and is due to be paid as filed.

14. Republic is due to be paid as a secured creditor on its Claim Number 1, in the amount of $2,241.79.

WHEREFORE, Republic Finance, LLC, prays this Honorable Court:

1. Deny confirmation of the Chapter 13 Plan as proposed by the Debtors;

2. Provide such further and different relief as this Court deems proper.

RESPECTFULLY submitted this, the 13 day of January, 2015.

_____
William M. Hancock
Attorney for Republic Finance, LLC

WOLFE, JONES, WOLFE, HANCOCK,
DANIEL, & SOUTH, LLC
905 Bob Wallace Avenue
Huntsville, Alabama 35801
(256) 534-2205 - Telephone
(256) 519-6691 - Facsimile
bankruptcy@wolfejones.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below listed parties to this action by placing a copy of same in the United States Mail, postage pre-paid and properly addressed, or by notification of the CM/ECF electronic notification system, this the ___12___ day of January, 2015.

_____
William M. Hancock

*VIA U.S. MAIL*

Mr. Horace Glass, Jr.
a/k/a Frankie Glass
Ms. Cassandra Glass
a/k/a Cassie Glass
Post Office Box 75
Notasulga, Alabama 36866

*VIA ELECTRONIC NOTICE*

Hon. Joshua C. Milam
566 S. Perry Street
Montgomery, Alabama 36104
jmilam@smclegal.com

Hon. Curtis C. Reding
Post Office Box 173
Montgomery, Alabama 36101
redingc@ch13mdal.com

**COMBINATION PROMISSORY NOTE, TRUTH IN LENDING**
**DISCLOSURE STATEMENT AND SECURITY AGREEMENT**

Direct Non-Real Estate Loan
Alabama Mini-Code

Date: 09/16/2013                                                  Account No.: [redacted]

BORROWER: Horace F. Glass Jr.
(Print Full Name)
64 Thompson Rd          Notasulga         AL    36866
(Street No.)            (City)    (County) (State) (Zip)

CO-BORROWER: Cassandra A. Glass
(Print Full Name)
64 Thompson Rd          Notasulga         AL    36866
(Street No.)            (City)    (County) (State) (Zip)

LENDER: Republic Finance, LLC 2021 S. College Street, Suite B, Auburn, AL 36832
(Name)   (Street No.)                     (City)    (County) (State) (Zip)

Property: My loan is secured by the following items, as provided in the Security Agreement on the reverse:
1998 Chrysler Lhs 2C3HC56F4TH188700, $1075; 6x8 Metal Utility Trailer, $1000; Craftsman Riding Lawn Mower, $1000; Pulan Weed Eater, $300; 12x24 Portable Building, $3000; 12 Gauge Stevens Gun, $500; Stationary Exercise Bicycle, $300; 24 In Craftsman Chain Saw, $300; Dell Laptop, $550; 42 In Rca Tv (1 Of 2), $550; Emerson Six Disc Stereo, $250; Sony Digital Camera, $250; Wii Game System, $300

with any additional collateral described on Schedule A.

Additionally, I affirm that the values indicated above for the collateral securing my loan are correct.

| ANNUAL PERCENTAGE RATE<br>The cost of my loan as a yearly rate. | FINANCE CHARGE<br>The dollar amount my loan will cost me. | Amount Financed<br>The amount of credit provided to me or on my behalf. | Total of Payments<br>The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 44.32 % | $ 2,387.66 | $ 3,551.47 | $ 5,939.13 |

Payment Schedule: My loan is repayable as follows:

| Number of Payments | Amount | When Payments Are Due |
|---|---|---|
| An Initial Installment Payment of: | $ 201.77 | Due on 09/16/2013, followed by |
| 29 Equal Installment Payments of: | $ 197.84 | On the same day of each month thereafter. |

**Late Payment:** If a scheduled payment is 10 days or more late, I agree to pay a late charge equal to 5% of the portion of the scheduled payment in default or $18, whichever is greater, not to exceed $100.
**Prepayment:** If I payoff early, I will not pay a penalty and may be entitled to a refund of part of the Finance Charge.
**Security Interest:** My loan is secured by the following property: ☐ The goods or property being purchased with the loan proceeds. ☒ Certain Household Goods ☒ Motor Vehicle(s) ☐ Unsecured ☐ Collateral securing other loans with us may also secure this loan. ☐ Other Collateral (brief description):

**Credit Insurance:** Credit life insurance, credit disability insurance and involuntary unemployment insurance are not required in order to obtain this loan and will not be provided unless I sign below. I have the option of voluntarily electing to purchase credit insurance through you.

| Insurance Type | Premium | Term | Signature: 'I (we) want voluntary credit life and/or disability and/or involuntary unemployment insurance as indicated by the signature below. |
|---|---|---|---|
| Credit Life Insurance<br>☐ Single ☒ Decreasing<br>☒ Joint ☐ Level | $ 119.05 | 30 Mos. | [signed] Horace F. Glass Jr.<br>Cassandra A. Glass |
| Credit Disability Insurance Rider (single) | $ 0.00 | 0 Mos. | |
| Credit Involuntary Unemployment Insurance | $ 0.00 | 0 Mos. | |

☒ **Motor Vehicle Property Insurance:** I may purchase required property insurance on my motor vehicle securing this loan through any person of my choice acceptable to you. If I choose to purchase required property insurance from you, the cost will be $190.00 for a term of 30 months.
☒ **Property Insurance (Non Motor Vehicle):** I may purchase required property insurance on my personal property (non-motor vehicle) securing this loan through any person of my choice acceptable to you. If I choose to purchase required property insurance from you, the cost will be $115.16 for a term of 30 months.
**Contract Reference:** I should look to my Note and Security Agreement for additional information about non-payment, default, your right to accelerate payment, and prepayment rebates.

"e"=estimate

**Itemization of the Amount Financed**

| (A) Amount Paid Directly to Me (cash advance) | $ 1,000.00 |
| (B) Amount Credited To My Existing Loan(s) with You | $ 2,064.01 |
| (C) Amounts Paid to You for: | |
| (1) Interest Surcharge | $ 120.00 |
| (D) Amounts Paid to Others on My Behalf | |
| (We and/or our affiliates may receive and retain a portion of amounts in (1) and (2)) | |
| (1) To Insurance Companies for: | |
| (a) Credit Life Insurance | $ 119.05 |
| (b) Single Disability Insurance | $ 0.00 |
| (c) Single Voluntary Unemployment Insurance | $ 0.00 |
| (d) Property Insurance (motor vehicle) | $ 190.00 |
| (e) Property Insurance (non-motor vehicle) | $ 115.16 |
| (f) Non-Filing Insurance | $ 0.00 |
| Total Insurance Premiums | $ 424.21 |
| (2) For Car Club | $ 0.00 |

| (3) Amounts Paid to Public Officials for: | |
| (a) Filing and Termination Fees | $ 43.25 |
| (b) | $ 0.00 |
| (c) | $ 0.00 |
| (d) | $ 0.00 |
| (e) | $ 0.00 |
| (f) Total Amount Paid to Public Officials: | $ 43.25 |
| (4) Amounts Paid to | $ 0.00 |
| (5) Amounts Paid to | $ 0.00 |
| (6) Amounts Paid to | $ 0.00 |
| (7) Amounts Paid to | $ 0.00 |
| (8) Amounts Paid to | $ 0.00 |
| (E) (Less) Prepaid Finance Charges | $ 120.00 |
| (F) Amount Financed (Sum of A through D minus E) | $ 3,551.47 |

State Contract Rate    38.84 % per annum      **PROMISSORY NOTE ("Note")**      Contract Charge $ 2,177.66

**PROMISE TO PAY:** I promise to pay to your order (to pay to the order of the Lender) at your offices in Auburn, Alabama, or such other place as you may designate in writing, the sum of Five Thousand Nine Hundred Thirty-Nine and 13/100
($ 5,939.13) DOLLARS, plus interest at a rate of 38.84 % per annum on the outstanding balance from now until paid in full, as agreed in the above Payment Schedule.

**ADDITIONAL PROMISSORY NOTE TERMS AND CONDITIONS AND SECURITY AGREEMENT CONTINUED ON REVERSE**

I (We) acknowledge receipt of a completed copy of this Combination Promissory Note, Disclosure Statement, and Security Agreement and agree to their terms and conditions (as continued on reverse). I (We) authorize you to make disbursements as itemized above. The obligations and related claims of the parties to this Combination Promissory Note, Disclosure Statement, and Security Agreement, are subject to an arbitration agreement signed as part of this transaction.

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

[signature] WITNESS
[signature] WITNESS

BORROWER  Horace F. Glass Jr.
CO-BORROWER  Cassandra A. Glass

FRM4970 08/11                                ORIGINAL

Case 14-33300   Doc 16   Filed 01/13/15   Entered 01/13/15 16:57:59   Desc Main Document   Page 6 of 12

Promissory Note Terms and Conditions Continued from Face Side

**Late Payment:** If a scheduled payment is 10 ___ or more late, I agree to pay a late charge equal to 5% of the portion of the scheduled p___ ___nt in default or $18, whichever is greater, not to exceed $100.

**Default and Acceleration:** You have the rig__, __our option, to insist on immediate payment in full (to accelerate the maturity) of this N___ __n any one or more of the following events: (1) if I fail to make payments under this Note when due; (2) if I am in default under any security agreement securing this Note; (3) if I am in default under any other credit extension with you; (4) if I should die, or become insolvent, or apply for bankruptcy or other relief from creditors; or (5) if you reasonably believe yourself to be insecure in the repayment of this Note.

**Attorney's Fees:** If the original amount financed under this Note exceeds $300, and you refer this Note to an attorney who is not your salaried employee for collection, I agree to pay your reasonable attorney's fees not to exceed 15% of the unpaid debt after default.

**NSF Check Charges:** In the event that I make any payment on this Note by check and my check is returned to you unpaid due to insufficient funds in my deposit account, I agree to pay you an additional NSF Check Charge of $30.00.

**Interest Surcharge:** I agree to pay an interest surcharge of 5% of the principal amount of this Note, not to exceed $120. If I prepay all of the amount owed under this Note within 60 days of the date of this Note, I understand that I will be entitled to a refund or credit of a pro-rata portion of the interest surcharge that exceeds $25.

**Account Maintenance Fee:** I agree to pay you an account maintenance fee of $3 for each month of the scheduled period of repayment. I also understand that, if I prepay this Note in full, I will be entitled to receive a refund of the unearned portion of the account maintenance fee. My refund will be calculated according to the Rule of 78's, unless (1) the term of the Note exceeds 61 months, in which case the refund will be calculated using the actuarial method or (2) I renew or refinance the Note with you within 120 days of the date of this Note, in which case the refund will be calculated on a pro-rata basis.

**Interest Calculation Method:** Interest will be computed on this Note from time to time outstanding. Interest is calculated every day on a 365/365 basis. If my payment is early, I will pay less interest than if I pay on the scheduled day. If my payment is late, I will pay more interest. I promise to pay the Note to you or to your order, together with accrued interest by making payments in the amounts and at the times indicated in the payment schedule on the face side at your office or at the address shown or at any other address which you give to me.

**Additional Interest:** If you accelerate payment under this Note for any reason and file suit against me, or if this Note remains unpaid after its final payment date (indicated on the face side), I agree to pay additional interest on the unpaid principal balance of this Note at the Contract Rate (indicated on the face side) until this Contract is paid in full unless a lower rate is required by law.

**Prepayment:** I may prepay this Note in full at any time without any prepayment charge.

**Default:** If I default on this Note, you may, at your option: (i) bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Note);(iii) foreclose on any security agreement, deed of trust or mortgage on real property or other property which I have given as collateral for the Note; and/or (iv) take any other action authorized under any security agreement, deed of trust or mortgage I have granted securing this Note as authorized by applicable law, I will pay you all costs you incur in collecting this Note, and taking, repossessing, holding, preparing for sale and selling any collateral for the Note. (Subject to the limitation on attorney's fees set forth above).

**Governing Law:** I agree that this Note and loan shall be governed and construed under applicable Federal law and the laws of the State of Alabama (without regard to its conflicts of law provisions).

**Broker Representations:** I acknowledge that any broker involved in the transaction is not your agent, and you are not bound by any of my broker's representations.

**Lender's Errors:** I understand and acknowledge that you do not intend to charge or collect any interest, charge, or fee that is more than the law allows. If you charge or collect any amount over what the law allows, at your election, you will either refund the excess amount to me or apply the excess amount first to the principal balance due under this Note as a partial payment without any prepayment charge. If I have paid this Note in full, you will refund any excess amount. If any part of this Contract is fully determined to be unenforceable under any law, rule or regulation, all other parts of this Contract still are valid and enforceable.

**Tax Deductions:** I acknowledge that you have made no promises to me nor advised me in any way whether the Finance Charges and fees are "interest" that I may deduct on my tax returns. I should consult a tax advisor about deducting Finance Charges and fees on my tax returns.

**Release Fee:** I agree to pay all fees required to record, continue, and terminate any security interest or lien granted to secure this Note.

**General Provisions:** I, as well as all other persons signing this Note as borrower, co-borrower or guarantor, waive demand for payment, protest and notice of protest and non-payment and all pleas of division and discussion, and agree that our liability under this Note shall be "joint and several" with each other. We further agree that discharge or release of any party or collateral securing this Note, extension of time for payment, or delay in enforcing any rights granted to you will not cause you to lose any rights under this Note. I additionally agree to provide you with a current financial statement or additional financial information, including a copy of my most recent federal income tax return, upon request.

**Severability:** Any unenforceable portion of this Note will be severed and the remainder shall be enforceable.

**Jury Waiver:** TO THE MAXIMUM EXTENT PERMISSIBLE UNDER APPLICABLE LAW, YOU AND I WAIVE THE RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM, WHETHER IN CONTRACT, TORT OR OTHERWISE, ARISING FROM OR RELATING TO THIS LOAN. THIS PROVISION IS A MATERIAL INDUCEMENT FOR YOU TO MAKE THIS LOAN.

Signature Lines on Face Side

## SECURITY AGREEMENT

**Secured Indebtedness:** For purposes of this Contract, the term "Indebtedness" means: (1) my indebtedness under the above Note (including principal, interest, late charges, NSF check charges, other fees, costs, expenses, and attorney's fees) and under all extensions, substitutions and renewals of my Note; (2) any additional funds that you may advance on my behalf as provided under this Contract; and (3) any other loans, promissory notes, indebtedness and obligations that I (or any of us) may now and in the future owe to you, whether direct or indirect, absolute or contingent, liquidated or unliquidated, due or to become due, of every nature and kind whatsoever, and whether or not in any way related to my loan evidenced by the above Note. However, to the extent that my indebtedness is secured under this Contract by my principal residence, the term "Indebtedness" will not include the additional loans, notes, indebtedness and obligations mentioned in (3) above, unless you comply with any subsequent disclosure requirements of Federal Reserve Board and Regulation Z.

**Grant of Security Interest:** In order to secure the prompt and punctual payment and satisfaction of my (or any of our) present and future indebtedness as defined above, I am granting you a continuing security interest on my property described on the face side of this Contract (the "Property") and/or Schedule A and all proceeds thereof, including without limitation, equipment purchased with proceeds. The term "Property" also includes all improvements, additions, repair and replacement parts to the Property, whether added now or later, together with all insurance proceeds and refunds of insurance premiums, if any, and all sums that may be due from third parties who may cause damage to the Property or from any insurer, whether due to judgment, settlement or other process. However, this Contract does not grant to you a non-purchase money security interest in any household goods as defined at 18 C.F.R. 444.

**Covenants:** I agree that the Property will secure the indebtedness until the full and final payment of the indebtedness. I agree not to sell or transfer the Property or to allow any other security interests or liens to be placed on or to attach to the Property without your prior written consent. In the event that I should sell or transfer the Property without first obtaining your prior written consent, I agree that such an unauthorized sale or transfer will constitute a breach of this Contract, which will entitle you to cause the Property to be immediately seized and sold in accordance with applicable law. I agree to make all necessary repairs to and not to abandon the Property and to further abide by all laws, rules and regulations with regard to the use of the Property. I additionally agree that you shall have the right to inspect the Property at reasonable times. I agree to maintain insurance on the Property at my expense for as long as the indebtedness remains unpaid and unsatisfied. This insurance is to be in the amount and of the types required by you and must be issued by a financially responsible insurance company or companies acceptable to you. I additionally agree that you will be named as a non-contributory lender loss payee beneficiary under my insurance policy or policies. I further agree to provide you with original copies of my insurance policies along with evidence that I have paid the policy premiums and all renewal premiums. I agree to promptly pay all taxes, assessments and governmental charges that may be assessed against the Property and to furnish you with evidence that such taxes, assessments and charges have been paid. I also agree to grant you a limited power of attorney to negotiate and settle any claims I may have under any such insurance policy covering the Property and to endorse any draft or check which are the proceeds of such insurance. I agree not to use the Property for any illegal purpose.

Should I fail to purchase and maintain insurance on the Property, or fail to pay taxes, assessments and governmental, charges when due, or should I allow any other liens or security interests to attach to the Property, or should I fail to maintain and repair the Property as required under this Contract, then you to the maximum extent permissible under applicable law, shall have the right (at your sole option and without any responsibility of liability to do so) to purchase insurance coverage of such type and amount as you deem appropriate to protect your interests, to pay such taxes, assessments and governmental charges, to satisfy any liens or encumbrances against the Property, and to make such repairs to the Property as you may deem within your sole discretion to be necessary and appropriate. I agree to immediately reimburse you for all additional sums which you may advance for such purposes, together with interest at the rate provided in my Note from the date of each such advance until I repay you in full. All such additional sums shall be secured under this Contract. I ACKNOWLEDGE THAT IF YOU SO PURCHASE ANY INSURANCE, THE INSURANCE MAY PROVIDE LIMITED PROTECTION AGAINST PHYSICAL DAMAGE TO THE PROPERTY, UP TO AN AMOUNT EQUAL TO THE LESSER OF: UP TO AN AMOUNT EQUAL TO THE LESSER OF (1) THE UNPAID BALANCE OF THE DEBT EXCLUDING ANY UNEARNED FINANCE CHARGES, OR (2) THE VALUE OF THE PROPERTY; HOWEVER, MY EQUITY IN THE COLLATERAL MAY NOT BE INSURED, IN ADDITION, THE INSURANCE MAY NOT PROVIDE ANY PUBLIC LIABILITY OR PROPERTY DAMAGE INDEMNIFICATION AND MAY NOT MEET THE REQUIREMENTS OF ANY FINANCIAL RESPONSIBILITY LAWS. I authorize you to release to third parties any information necessary to facilitate insurance and for monitoring and insurance placement.

**Location of Property:** Unless otherwise indicated, the Property will be kept at my address indicated on the face side of this Contract. I agree not to remove the Property from the State of Alabama for a period in excess of sixty (60) consecutive days without first obtaining your prior written consent.

**Default and Acceleration:** Should I (or any of us) default under any of the indebtedness or any of my obligations under this Contract, I agree that you shall have the right at your option: (i) to bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance of the indebtedness (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Contract); (iii) take or repossess the Property; and/or (iv) exercise any other remedies available under applicable law. I will pay you all costs you incur in collecting this Contract, and taking, repossessing, holding, preparing for sale and selling the Property. I agree that you may take possession of the Property in any manner than permitted under the laws of the state in which the Property is then located. Once you for any reason have or acquire possession of the Property at or following default, I agree that you may sell the Property of public auction or private sale as authorized by Alabama law or the applicable provisions of the Uniform Commercial Code in effect in the state where the Property is then located, if you are required by law to give me notice of the public or private sale of the Property. I agree that the requirements of reasonable notice shall be met if you mail such notice to me at my last address appearing in your records at least (21) days (or such less period of time as may be permitted by applicable law) before the time of the sale or disposition. I agree to pay your out-of-pocket collection costs and expenses incurred in collecting the indebtedness and in enforcing your security interest (subject to the limitation on attorney's fees set forth in the above Note). I further agree to pay any additional collection costs and expenses authorized under the Alabama Uniform Commercial Code. All such out-of-pocket collection costs and expenses shall become part of the indebtedness secured by this Contract and shall be payable on demand, with interest at the rate provided in my Note from the date of each such expenditure until repaid. Any remaining proceeds from the sale of the Property after payment of the indebtedness will be paid to me. If there is a deficiency, I will pay it.

**Miscellaneous:** I authorize you to file a UCC-1 financing statement or, alternatively, a copy of this Contract to perfect your security interest. I agree, at your request, to sign all other documents that are necessary to perfect, protect and continue your security interest in my Property. I agree to reimburse you for any costs of filing amendments to or continuations of my financing statement and authorize you to add such amounts to the then unpaid balance of my Note secured under this Contract. I further agree that any failure on your part to exercise any right or option that you may have under this Contract or under applicable law will not be construed as a waiver by you of such rights or options. I additionally agree that the loss, damage or destruction of the Property will not release me from my obligations under this Contract. Paragraph headings are for convenient reference and are not to be construed as a complete summary of each paragraph.

Signature Lines on Face Side

In this Contract (including the above Note and Security Agreement) the words "I," "me," "my," "we," "us" and "our" individually, collectively and interchangeably mean each person signing this Contract as borrower, co-borrower or guarantor. The words "you," "your" and "yours" mean the Lender named on the face side of this Contract, and its transferees and assigns. This Contract and any arbitration agreement constitute the entire agreement between the parties and no modification or amendment of this Contract shall be effective unless in writing. All provisions of this Contract which are prohibited by applicable law shall be ineffective to the extent of such prohibition without invalidating any other provisions of this Contract.

## Guaranty

I (We) jointly, severally and solidarily unconditionally guarantee payment of the above Note and all renewals, substitutions and extensions thereof and agree to all of the Note's terms and conditions. **The obligations and related claims of the parties to this Combination Promissory Note, Disclosure Statement and Security Agreement, are subject to an arbitration agreement signed as part of this transaction.**

CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

Guarantor _____ Guarantor _____

☐ **(Not applicable unless checked)** NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

All motorists are required by law to be covered by an automobile liability policy with legally prescribed liability limits, which is not included in the insurance listed above. Failure to obtain liability insurance in legally prescribed amounts may result in penalties, including suspension or revocation of driving privileges.

**Notice/Acknowledgment Regarding Property Insurance:**
1. I/we have granted you a security interest in the Property as collateral for my indebtedness to you.
2. I/we are required to maintain insurance on the Property given as collateral for our obligation to you.
3. If I fail to maintain the required insurance, I/we have authorized you to secure the required insurance at my/our expense. These requirements and authorizations are set forth in the Contract

THIS LOAN IS PLEDGED TO CAPITAL ONE, N.A. (1st Lien) AND COLUMBUS DRIVE PARTNERS, L.P. (2nd Lien).



# STATE OF ALABAMA
## DEPARTMENT OF REVENUE

### CERTIFICATE OF TITLE FOR A VEHICLE

| TITLE NO. | VEHICLE IDENTIFICATION NUMBER | TRANS. CODE | DATE ISSUED |
|---|---|---|---|
| 47694947 | 2C3HC56F4TH198766 | 04 | 08/26/2013 |

| YR. MODEL | MAKE | MODEL | BODY TYPE | PREV AL TITLE NO. |
|---|---|---|---|---|
| 1996 | CHRY | LHS | 4D | 45404696 |

| CYL | NEW | USED | DEMO | PURCHASE DATE | NO LIENS | COLOR | ODOMETER |
|---|---|---|---|---|---|---|---|
| 06 | | XX | | 01/08/2012 | 1 | GLD | EXEMPT |

**NAME(S) AND MAILING ADDRESS OF OWNER(S):**
GLASS CASSANDRA A OR HORACE F JR
1544 COMMERCE DR
SYLACAUGA AL 35150

**MAIL TO:**
REPUBLIC FINANCE LLC
2021 S. COLLEGE STREET STE B
AUBURN AL 36832

RESIDENT ADDRESS IF DIFFERENT

LEGEND(S)

**RELEASE OF LIEN**
The holder of lien on the vehicle described in this Certificate does hereby state that the lien described in said Certificate of Title is released and discharged.

First Lienholder _____

1ST LIENHOLDER'S NAME, ADDRESS AND LIEN DATE   08/15/2013
REPUBLIC FINANCE LLC
2021 S. COLLEGE STREET STE B
AUBURN AL 36832

By _____
Signature of Authorized Agent
Date _____

2ND LIENHOLDER'S NAME, ADDRESS AND LIEN DATE

Second Lienholder _____
By _____
Signature of Authorized Agent
Date _____

This certificate serves as an official document of the Department of Revenue and prima facie evidence that an application for certificate of title has been made for the vehicle described herein, pursuant to the provisions of the Motor Vehicle laws of this state, and the applicant named on the face hereof has been duly recorded as the lawful owner of the vehicle so described. Further, the said vehicle is subject to the security interest by lien(s) shown hereon, if any. But, said described vehicle may be subject to a mechanic's lien or a lien given by statute to the United States, this State or any political subdivision of this State or other encumbrances not required to be filed with this Department.

**CONTROL NUMBER**
43253544

**KEEP IN A SAFE PLACE — ANY ALTERATION OR ERASURE VOIDS THIS TITLE**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional):** Republic Finance  334-887-6025

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Republic Finance
2021 S College St.
Auburn, AL 36832
USA

Alabama Sec. Of State
B 13-7288145 FS
Date 08/15/2013
Time 11:57 AM
130815  1 Pg
File    $15.00
Access  $9.75
Conv    $3.50
Total   $28.25
7109674

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Glass | Horace | F | Jr |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 64 Thompson Road | Notasulga | AL | 36866 | USA |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Glass | Cassandra | A | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 64 Thompson Road | Notasulga | AL | 36866 | USA |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

**3a. ORGANIZATION'S NAME:** Republic Finance

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2021 S College St. | Auburn | AL | 36832 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

5x8 Metal Utility Trailer, 5x8 Metal Utility Trailer, ; Craftsman Riding Lawn Mower, Craftsman Riding Lawn Mower, ; Pulan Weed Eater, Pulan Weed Eater, ; 12x24 Portable Building, 12x24 Portable Building, ; 12 Gauge Stevens Gun, 12 Gauge Stevens Gun, ; Stationary Exercise Bicycle, Stationary Exercise Bicycle, ; 24 In Craftsman Chain Saw, 24 In Craftsman Chain Saw, ; Dell Laptop, Dell Laptop, ; 42 In Rca Tv (1 Of 2), 42 In Rca Tv (1 Of 2), ; Emerson Six Disc Stereo, Emerson Six Disc Stereo, ; Sony Digital Camera, Sony Digital Camera, ; Wii Game System, Wii Game System, ;

**8. OPTIONAL FILER REFERENCE DATA**
Glass, Horace and Cassandra

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

SCHEDULE A - SECURITY EVALUATION

Motor Vehicle Collateral:
| | | | | | | |
|---|---|---|---|---|---|---|
| 1996 | Chrysler | Lhs | 5L5N7 | Sedan | 2C3HC56F4TH198766 | $1,075.00 |

Personal Property Collateral:

| Item | Value |
|---|---|
| 5x8 Metal Utility Trailer | $1,000.00 |
| 5x8 Metal Utility Trailer | |
| Craftsman Riding Lawn Mower | $1,000.00 |
| Craftsman Riding Lawn Mower | |
| Pulan Weed Eater | $300.00 |
| Pulan Weed Eater | |
| 12x24 Portable Building | $3,000.00 |
| 12x24 Portable Building | |
| 12 Gauge Stevens Gun | $500.00 |
| 12 Gauge Stevens Gun | |
| Stationary Exercise Bicycle | $500.00 |
| Stationary Exercise Bicycle | |
| 24 In Craftsman Chain Saw | $300.00 |
| 24 In Craftsman Chain Saw | |
| Dell Laptop | $850.00 |
| Dell Laptop | |
| 42 In Rca Tv (1 Of 2) | $650.00 |
| 42 In Rca Tv (1 Of 2) | |
| Emerson Six Disc Stereo | $250.00 |
| Emerson Six Disc Stereo | |
| Sony Digital Camera | $250.00 |
| Sony Digital Camera | |
| Wii Game System | $300.00 |
| Wii Game System | |

Total Value of Collateral: $9,975.00

I affirm the above items used as collateral on Loan [REDACTED] Dated 8/15/2013 Reflects actual cash value as indicated.

_____           _____
Employee Signature                            Horace F. Glass Jr.

_____
Cassandra A. Glass

# NON PURCHASE MONEY SECURITY APPRAISAL FORM

Name: Horace Cassandra Glass   Address: 69 ? Deen Rd 30806

To secure payment of the account, and subject to the terms and conditions of the Security Agreement or Chattel Mortgage of even date herewith executed by Debtor, Debtor has granted to Creditor a security interest in the personal property described below and in other property, if any, described in said Security Agreement or Chattel Mortgage. The property listed below is intended to include only property authorized by Federal Trade Commission Regulation Rule 16 CFR Part 444. Debtor has been requested by Creditor to provide insurance on the property listed herein. If Debtor elects to obtain such insurance through Creditor, such insurance is described either as Property Insurance in the documents evidencing Debtor's obligation.

| Yrs. Old | No. | Item & Description | Replacement Value |
|---|---|---|---|
| | | **WHEELED VEHICLES (ATV / Camper, etc)** | |
| | | ATV | |
| | | Camper | |
| | | Go Cart | |
| | | Moped | |
| | | Horse Trailer | |
| | | Utility Trailer 5x8 Metal | 1000.00 |
| | | Golf Cart | |
| | | Snowmobile | |
| | | Other | |
| | | **BOATING EQUIPMENT** | |
| | | Boat | |
| | | Jet Ski | |
| | | Motor | |
| | | Trailer | |
| | | Depth Finder | |
| | | Trolling Motor | |
| | | Other | |
| | | **GARDEN EQUIPMENT** | |
| | | Lawnmower Craftsman Riding | 1000.00 |
| | | Weed Eater Balan | 300.00 |
| | | Edger | |
| | | Tiller | |
| | | Garden Tools | |
| | | Blowers | |
| | | Mulchers | |
| | | Other | |
| | | **PORTABLE BUILDINGS** 12x24 | 3,000.00 |
| | | **SPORTING EQUIPMENT** | |
| | | Guns 12 gauge Stevens | 500.00 |
| | | Bicycle (s) | |
| | | Fishing Equipment | |
| | | Golf Clubs | |
| | | Snow Ski Equipment | |
| | | Water Ski Equipment | |
| | | Ping Pong Tables | |
| | | Pool Table(s) / Accessories | |
| | | Camping Equipment | |
| | | Tent | |
| | | Exercise Equipment Bicycle Stationary | 500.00 |
| | | Swing Sets | |
| | | Bow & Arrows | |
| | | Hobby Items | |
| | | Other | |
| | | **COLLECTIBLES** | |
| | | Coins | |
| | | Stamps | |
| | | Other | |
| | | **ANTIQUES VALUED >$100 (LIST BELOW)** | |
| | | | |
| | | | |
| | | | |
| | | **HOME WORKSHOP TOOLS** | |
| | | Table / Radial Saw | |
| | | Paint Sprayer | |
| | | Drill / Drill Press | |
| | | Chain Saw 24 in blade Craftsman | 300.00 |
| | | Hand Tools | |
| | | Other | |
| | | **WORKS OF ART** | |
| | | Painting | |
| | | Statue | |
| | | Figurine | |
| | | Picture | |
| | | Mounted Items | |
| | | **COMPUTER EQUIPMENT** | |
| | | Computer / Hardware Dell Laptop | 850.00 |
| | | Software | |
| | | Printer | |
| | | Monitor | |
| | | Disk Drives | |
| | | Scanner | |
| | | CD Rom Drive | |
| | | Other | |

NOTE: Circle values of those items not paid for.   continued on back
NOTICE: SEE OTHER SIDE FOR CONTINUATION OF NON PURCHASE MONEY SECURITY APPRAISAL FORM

ADDITIONAL NON-PURCHASE MONEY SECURITY APPRAISAL FORM

| Yrs. Old | No. | Item & Description | Replacement Value |
|---|---|---|---|
| | | **JEWELRY** (other than wedding ring) | |
| | | Rings | |
| | | Watches | |
| | | Necklaces | |
| | | Bracelets | |
| | | Other | |
| | | **MUSICAL EQUIPMENT** | |
| | | Piano | |
| | | Keyboard | |
| | | Organ | |
| | | Drums | |
| | | Guitar(s) | |
| | | Amplifier(s) | |
| | | PA Equipment | |
| | | Horn(s) | |
| | | Other | |
| | | **POOLS / SPA** | |
| | | Above Ground Pool | |
| | | Pool Equipment | |
| | | Pool Accessories | |
| | | Lawn Furniture | |
| | | Spa | |
| | | Other | |
| | | **PERSONAL EQUIPMENT** | |
| | | TV (must have more than one) 42 RCA (1 of 2) | 650.00 |
| | | Telephone | |
| | | Answering Machine | |
| | | Microwave (must have other oven) | |
| | | Fireplace Equipment | |
| | | Butane Tank | |
| | | VCR/ Video Disk | |
| | | Video Camera | |
| | | Compact Disk Player (CD Player) | |
| | | Compact Disks | |
| | | Stereo Emerson 6 disc | 250.00 |
| | | Tape Player | |
| | | Speakers | |
| | | Radio (must have more than one) | |
| | | CB Radio | |
| | | Radar Detector | |
| | | Telescope | |
| | | Binoculars | |
| | | Microscope | |
| | | Camera(s) Sony Digital | 250.00 |
| | | Lens | |
| | | Projector / Screen | |
| | | Grandfather Clock | |
| | | Video Games Wii | 300.00 |
| | | Other | |
| | | **FARM ANIMALS** | |
| | | Horses | |
| | | Ponies | |
| | | Mules | |
| | | Cows | |
| | | Poultry Chickens (4) | |
| | | Swine | |
| | | Other Goats (2) | |
| | | **BOOKS** | |
| | | Encyclopedia | |
| | | Library Books | |
| | | **MISCELLANEOUS** | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | **TOTAL** | $ 9775.00 |

NOTE: Circle values of those items not paid for.

I WARRANT THE ABOVE LIST OF SECURITY IS COMPLETE AND THERE ARE NO MORTGAGES OR LIENS AGAINST THE SECURITY EXCEPT AS MAY BE REPORTED ON APPLICATION.

Debtor hereby acknowledges having read a complete copy of this instrument and declares that property listed herein is individually and/or collectively valued by debtors for replacement value and insurance purposes as shown herein.

ESTIMATED VALUE $ 9775.00   DATE 8-15-13   20____

SIGNATURE OF BORROWERS _____   SIGNATURE OF BORROWERS Cassandra A. _____

FORM 205-A REV. 10/05